# United States Court of Appeals for the Fifth Circuit

_____

No. 26-10262
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2026

Lyle W. Cayce
Clerk

Virginia Chavarria,

*Plaintiff—Appellant*,

*versus*

Sam's Real Estate Business Trust, *doing business as* Delaware Sam's Real Estate Business Trust; Sam's East, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-550

_____

Before Davis, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Virginia Chavarria brought this suit after she slipped and fell on an oily substance inside a Sam's Club in Tarrant County, Texas. The parties engaged in discovery, and Defendants-Appellees produced security camera footage of the incident. As the discovery deadline

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-10262

neared, Defendants moved for summary judgment on January 9, 2026. This made Chavarria's response due on January 30, 2026. Chavarria requested the discovery deadline be extended due to her debilitating medical problems. The court granted the motion and also extended Chavarria's deadline to respond to Defendants' motion for summary judgement to February 20, 2026.

Chavarria failed to oppose summary judgment or put any evidence in the record by that deadline. On February 25, 2026, she requested leave to "submit additional/new evidence" but did not attach a substantive memo or any evidence to the filing. On March 4, 2026, the magistrate judge entered a Findings, Conclusions, and Recommendation (FCR) opining that summary judgment should be granted. The FCR explained that Chavarria had failed to oppose summary judgment so there was no evidence in the record showing Defendants had actual or constructive knowledge of the spill, as necessary to prove premises liability.

Chavarria objected to the FCR on March 9, 2026, seventeen days after her deadline to oppose summary judgment. She attached the security footage of the incident and argued it constituted "proof of my slip and fall and proof of many associates passing by" the hazard "approximately 23 times" before her fall. She contends that based on the video, these employees "knew, or should have known of the spill/hazard that sat on the floor approximately 40 min before my slip and fall, proving SAM'S CLUB had ample time to correct, and clean up the spillage." She also attached a close-up photo of a smeared black substance where she tripped, a copy of Defendants' policies on cleaning up spills, and photos of her alleged injuries. Finally, she cited cases where slip-and-fall plaintiffs proved constructive knowledge with security video.

The district court adopted the FCR in a single-paragraph order. It reasoned only that "[n]otwithstanding the fact that Defendant [sic] failed to respond timely in this case, Defendant's [sic] objections are unintelligible

and don't address any of the findings of the FCR." Chavarria sought reconsideration, explaining she had difficulty navigating PACER, experienced debilitating migraines, and mistakenly thought no response was due. The district court denied reconsideration without analysis. Chavarria timely appealed, alleging her failure to respond to Defendants' motion for summary judgment was "excusable neglect." Our review is de novo.[1]

"In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review."[2] But "the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted."[3] We held in *Freeman v. County of Bexar* that a court must consider the following factors: "(1) the [objecting] party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the [objecting] party's case; (3) whether the evidence was previously available to the [objecting] party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the [opposing] party if the evidence is accepted."[4]

Here, the district court declined to consider the evidence Chavarria submitted with her objections for two reasons. First, it found Chavarria's

---

[1] *See Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024).

[2] *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015); *see also Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge.").

[3] *Davis*, 798 F.3d at 292; *see also Freeman*, 142 F.3d at 852 (noting that the scope of the district court's discretion is "not limitless." (quoting *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir. 1990)).

[4] *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003) (citing *Freeman*, 142 F.3d at 853).

objections were "unintelligible" and failed to address the FCR's findings. This characterization is contradicted by the face of the photographic and video evidence Chavarria presented. Chavarria's objections are coherent, especially once liberally construed as required for pro se litigants.[5] And her evidence goes directly to the issue the FCR found dispositive: Defendants' actual or constructive knowledge of the hazard.

The district court's second reason for rejecting Chavarria's objections was that she did not timely present the evidence to the magistrate judge before the FCR issued. But under *Freeman*, such untimeliness does not *automatically* warrant the district court's exclusion of the evidence.[6] Rather, once untimeliness is established, the district court must balance the four equitable factors and decide whether to accept the evidence. Failure to recognize and exercise this discretion can constitute reversible error.[7] Here, the district court did not engage any of the *Freeman* factors or give any other valid explanation for its decision to exclude Chavarria's evidence.

We therefore VACATE the district court's judgment and REMAND to the district court to consider whether to accept Chavarria's untimely evidence under the balancing test we established in *Freeman*.[8]

---

[5] *See Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009).

[6] *See Freeman*, 142 F.3d at 852.

[7] *See Davis*, 798 F.3d at 292–93 ("Here, the district court did not exercise its discretion under *Freeman* to decline to consider the evidence Davis submitted on objection to the magistrate judge's report. . . . We could, therefore, vacate the district courts summary judgment and remand the case with instructions that the district court decide in the first instance whether to accept the new evidence.").

[8] 142 F.3d at 852–53.